**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE WILDERNESS SOCIETY, *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:17-cv-02587 (TSC)<br>) |
| v. | )<br>) |
| DONALD J. TRUMP, *et al.*, | )<br>) |
| Defendants. | )<br>) |
| GRAND STAIRCASE-ESCALANTE PARTNERS, *et al.*, | )<br>)<br>)<br>) |
| | ) Case No. 1:17-cv-02591 (TSC) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| DONALD J. TRUMP, *et al*. | ) **CONSOLIDATED CASES**<br>) |
| Defendants. | )<br>) |
| AMERICAN FARM BUREAU FEDERATION and UTAH FARM BUREAU FEDERATION, | )<br>)<br>)<br>) |
| Proposed Defendants-Intervenors. | )<br>) |

**AMERICAN FARM BUREAU FEDERATION'S AND UTAH FARM BUREAU
FEDERATION'S REPLY IN SUPPORT OF MOTION TO INTERVENE**

**<u>Introduction</u>**

Proposed Intervenors American Farm Bureau Federation and Utah Farm Bureau Federation (collectively, "Farm Bureaus") recognize the Court's desire to avoid needless duplication of arguments by defendant parties. Farm Bureaus are, therefore, amenable to

**REPLY IN SUPPORT OF MOTION TO INTERVENE - 1**

briefing restrictions similar to those placed by the Court on Plaintiffs[1] and on plaintiffs and intervenors in the companion consolidated case involving the Bears Ears National Monument. Plaintiffs' proposed additional restrictions, however, go too far and would unreasonably cabin Farm Bureaus' participation as a party if intervention is granted.

## Background

On December 4, 2017, President Trump signed a Presidential Proclamation ("Proclamation") modifying the boundary of the Grand Staircase-Escalante National Monument in Utah ("Monument") to reduce the size of the Monument to the smallest area compatible with the proper care and management of the objects of historic and scientific interest to be protected and in recognition of the numerous other federal laws protecting the excluded acres. 82 Fed. Reg. 58089-96 (Dec. 8, 2017). On that same day, Plaintiffs The Wilderness Society et al. (collectively, "TWS Plaintiffs") filed a complaint against the Federal Defendants. TWS Plaintiffs requested declaratory and injunctive relief that would, in essence, invalidate the Proclamation and prevent the Federal Defendants from implementing the Proclamation. ECF 1 (Dec. 4, 2017).

Plaintiffs Grand Staircase-Escalante Partners et al. (collectively, "Partners Plaintiffs") simultaneously filed their complaint in Case No. 1:17-cv-2591 also seeking injunctive and declaratory relief from President Trump's Proclamation. Compl., ECF 1, at 55-56. This Court consolidated the two actions. *See* Case No. 1;17-cv-02587, Min. Entry (Jan. 31, 2018); Case No. 17-cv-02591, Min. Entry (Jan. 31, 218); Order on Mot. to Consolidate, ECF 25 (Feb. 15, 2018).

---

[1] Partners Plaintiffs filed a response to Farm Bureaus' Motion to Intervene, referring to responses to Farm Bureaus' motion to intervene in related litigation specific to the Bears Ears National Monument. ECF 53. TWS Plaintiffs joined their response. ECF 54.

**REPLY IN SUPPORT OF MOTION TO INTERVENE - 2**

On March 15, 2018, Farm Bureaus timely filed a motion to intervene, accompanied by a memorandum in support of the motion, affidavits, proposed answers and necessary pleadings. ECF 28 through 28-9.  Farm Bureaus noted that, although they may "share a common objective, *e.g.*, a finding that President Trump's Proclamation was a lawful exercise of his authority under the Antiquities Act," the Federal Defendants "are inherently unable to adequately represent the Farm Bureaus' unique interests and those of its member." ECF 28-3, at 21-22.  Farm Bureaus explained, in detail, that they have associational standing to intervene, are entitled to intervene of right, and qualify for permissive intervention.  ECF 28-3.  None of the plaintiffs have disputed any of Farm Bureaus' assertions.  TWS Plaintiffs and Partners Plaintiffs have all responded that they take "no position" on Farm Bureaus' motion to intervene.  ECF 54, 53.  Plaintiffs refer to the responses to motions to intervene pending in the companion consolidated case related to the Bears Ears National Monument (*Hopi Tribe et. al. v. Trump et al.*, Case No. 17-v-2590) and advocate that this Court should impose the three limitations offered by the Tribal Plaintiffs in the Bears Ears litigation plus two more limits on Farm Bureaus' intervention:

    1. Bar Farm Bureaus from raising new claims or collateral issues;

    2. Order Farm Bureaus to meet and confer with the other intervenors and the Federal Defendants prior to the filing of any papers and require that they file a certificate attesting that the intervenors met and conferred with the other defendant parties prior to electing to file separately;

    3. Bar Farm Bureaus from seeking discovery absent leave of the court.

    4. Require Farm Bureaus to file any additional briefing on Federal Defendants' pending motion to dismiss no later than the due date for the Federal Defendants' additional briefing; and

5. Prohibit Farm Bureaus from asserting additional affirmative defenses beyond those already asserted in their proposed answers.

ECF 53, 54.

## Argument

1.   **The Limit on New Claims and Collateral Issues is Unnecessary.**

For the same reasons articulated in Farm Bureaus' reply in support of their motion to intervene in the Bears Ears litigation and incorporated herein, there is no need for an explicit restriction and none should be ordered. *See* ECF 66, at 3, *Hopi Tribe et al. v. Trump et al.*, Case No. 17-cv-2590. However, should this Court provide a restriction, Farm Bureaus must be allowed to assert any compulsory claims. Further, Farm Bureaus request that the court, in adopting any limits related to claims, eliminate the phrase "or collateral issues" as proposed by Plaintiffs. The term "collateral issues" has not been defined and its meaning is unclear. Id.

2.   **Farm Bureaus' Should Confer to Avoid Duplicative Arguments but Otherwise Should Not Be Limited.**

For the same reasons articulated in Farm Bureaus' reply in support of its motion to intervene in the Bears Ears litigation and incorporated herein, Plaintiffs' additional requests are unnecessary, improper, unworkable, and go beyond limits contemplated in the federal rules of civil procedure, this Court's local rules, and existing case law. *See* ECF 66, at 3-6, *Hopi Tribe et al. v. Trump et al.*, Case No. 17-cv-2590.

Additionally, as in the Bears Ears litigation, the Court here only required Plaintiffs to confer with one another before filing substantive motions, coordinate motion schedules, and incorporate each other's filings by reference where possible. Order on Mot. to Consolidate, ECF 25, at 2. At the September 24, 2018 status conference, the Court required Defendants-Intervenors in the Bears Ears case to avoid duplicative arguments by conferring with the Federal

Defendants. The Farm Bureaus will abide by the Court's instructions to confer with Federal Defendants and the other intervenors. Additional requirements would exceed, without cause, the requirements previously imposed by the Court on the other parties to the case.[2]

### 3. Farm Bureaus Do Not Anticipate the Need for Discovery.

Regarding the third proposed limit denying discovery, Farm Bureaus do not anticipate the need for discovery and therefore request that the Court bar *all* parties from initiating discovery absent a court order.

### 4. Farm Bureaus Should be Allowed to Timely Support the Federal Defendants' Motion to Dismiss.

Partners Plaintiffs ask the Court to require any Farm Bureau brief supporting the Federal Defendants' pending motion to dismiss to be filed no later than the due date of the Federal Defendants' reply brief. Farm Bureaus agree to file their brief in support of the Federal Defendants' motion to dismiss in both the Grand Staircase and Bears Ears cases by the deadline set by the Court for the Federal Defendants' reply briefs.[3]

Given that no opposition to Farm Bureaus' motion to intervene has been expressed and that Farm Bureaus, as explained in their memorandum in support of their motion to intervene, represent important, unique interests not adequately represented by Federal Defendants, and given that the pending motion to dismiss may be dispositive and/or establish important law of the case, the Court would likely benefit from Farm Bureaus' briefing on the pending motion to dismiss.

---

[2] Should the Court have lingering concerns about duplicative arguments, Farm Bureaus are amenable to staggered filing deadlines among the Federal Defendants and all defendant intervenors, also as articulated in Farm Bureaus' reply in support of its motion to intervene in the Bears Ears Litigation. *See* ECF 66, at 5-6.

[3] Farms Bureaus are expediting their filing of this reply on intervention prior to the November 5 filing deadline in the hope of receiving the Court's ruling on intervention prior to that deadline.

**REPLY IN SUPPORT OF MOTION TO INTERVENE - 5**

**5.       Farms Bureaus Do Not Intend to Raise Additional Affirmative Defenses.**

Regarding the final proposed limit denying additional affirmative defenses, Farm Bureaus do not anticipate the need to raise additional affirmative defenses since this case will likely be decided on dispositive motions.

## Conclusion

No party opposes Farm Bureaus' right to intervene as a party in this action. Therefore, in recognition of this Circuit's liberal view on intervention and the Circuit's hesitancy to limit any parties' ability to adequately represent their interest, this Court should grant Farm Bureaus' motion to intervene and limit Farm Bureaus' participation only as this Court has already limited the Plaintiffs here and plaintiffs and intervenors in the Bears Ears case.

Should this Court decide that further limitations are necessary, the only additional limitations should be to (1) bar additional non-compulsory claims and additional affirmative defenses, (2) bar all discovery without court order, and (3) enter parallel orders in both consolidated cases. Additionally, Farm Bureaus should be allowed to file a brief in support of the Federal Defendants' reply brief supporting their motion to dismiss. Farm Bureaus have attached a proposed order for these purposes.

Respectfully submitted this 30th day of October, 2018.

HOLLAND & HART LLP

By: /s/ William G. Myers III
    William G. Myers III

William G. Myers III (DC Bar No. 408573)
HOLLAND & HART LLP
P.O. Box 2527
Boise, Idaho  83701-2527
Telephone:  (208) 342-5000
E-mail:     wmyers@hollandhart.com

Victoria A. Marquis (Montana Bar No. 13226)
*(pro hac vice application pending)*
HOLLAND & HART LLP
P.O. Box 639
Billings, Montana  59103
Telephone:  (406) 252-2166
E-mail:     vamarquis@hollandhart.com

Attorneys for Proposed Defendant-Intervenors
American Farm Bureau Federation and Utah Farm
Bureau Federation

**REPLY IN SUPPORT OF MOTION TO INTERVENE - 7**

## Certificate of Service

      I HEREBY CERTIFY that on the 30th day of October, 2018, I filed the foregoing electronically through the CM/ECF system, which caused electronic notification of such filing to be sent to all counsel of record, as more fully reflected on the Notice of Electronic Filing. Additionally, I served the same via U.S. Mail to the below applicants for intervention.

| | |
|---|---|
| Mary Carol M. Jenkins<br>P.O. Box 394<br>Fort Duchese, UT  84026 | Roger Kochampanasken<br>P.O. Box 394<br>Fort Duchese, UT  84026 |
| Tarah Amboh<br>P.O. Box 394<br>Fort Duchese, UT  84026 | Margret S. Reed<br>P.O. Box 394<br>Fort Duchese, UT  84026 |
| Melvin Jenkins<br>P.O. Box 472<br>Fort Duchesne, UT  84026 | Lynda M. Kozlowicz<br>P.O. Box 472<br>Fort Duchesne, UT  84026 |

                                        *s/William G. Myers III*
                                        for HOLLAND & HART LLP

11568065_2

**REPLY IN SUPPORT OF MOTION TO INTERVENE - 8**