# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE WILDERNESS SOCIETY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-02587 (TSC) |
| | ) | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| GRAND STAIRCASE ESCALANTE PARTNERS, *et al.*, | ) ) | |
| | ) | Case No. 1:17-cv-02591 (TSC) |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) ) ) | **CONSOLIDATED CASES** |
| | ) | |
| Defendants. | ) | |

## ORDER

This action involves two separate challenges to President Donald J. Trump's December 4, 2017 proclamation, which reduced the size of the Grand Staircase-Escalante National Monument and divided it into three separate parcels.

The first challenge was brought on December 4, 2017 by the Wilderness Society, Great Old Broads for Wilderness, Natural Resources Defense Council, Inc., Western Watersheds Project, Sierra Club, Defenders of Wildlife, Wildearth Guardians, Southern Utah Wilderness

Alliance, Center for Biological Diversity, and Grand Canyon Trust (collectively, "TWS Plaintiffs").  Later that same day, Grand Staircase Escalante Partners, Conservation Lands Foundation, and Society of Vertebrate Paleontology (collectively, "Partners Plaintiffs") filed the second challenge.

By Order dated February 15, 2018, pursuant to Federal Rule of Civil Procedure 42(a), the court granted Defendants' motion to consolidate the cases because they involve common questions of law and fact and adjudicating them together serves the interests of judicial economy.  (ECF. No. 25.)

Before the court are three separate motions to intervene filed by American Farm Bureau Federation and Utah Farm Bureau Federation (collectively, "Farm Bureau Applicants") (ECF No. 28), Kane County, Utah and Garfield County, Utah (collectively, "County Applicants") (ECF No. 33), and the State of Utah (ECF No. 46).  The applicants seek to intervene in both challenges to President Trump's proclamation.  For the reasons stated herein, Farm Bureau Applicants, County Applicants, and the State of Utah's motions to intervene are **GRANTED** with conditions.

## I. BACKGROUND

The Antiquities Act provides that "[t]he President may, in the President's discretion, declare by public proclamation historic landmarks, historic and prehistoric structures, and other objects of historic or scientific interest that are situated on land owned or controlled by the Federal Government to be national monuments."  54 U.S.C. § 320301.

On September 18, 1996, invoking this authority, President William Clinton established the Grand Staircase-Escalante National Monument, which encompassed approximately 1.7 million acres of land in Utah.  *See* Establishment of the Grand Staircase-Escalante National

Monument, 61 Fed. Reg. 50223 (Sept. 18, 1996).  President Clinton took this step after setting

forth the objects and interests that were to be protected and determining that the boundaries of

the monument consisted of "the smallest area compatible with the proper care and management

of the objects to be protected." *Id.*

On December 4, 2017, President Trump issued a proclamation finding that many of the

objects identified in President Clinton's proclamation were "not unique to the monument," "not

of significant historic or scientific interest," or "not under threat of damage or destruction such

that they require a reservation of land to protect them."  Modifying the Grand Staircase-

Escalante National Monument, 82 Fed. Reg. 58089 (Dec. 4, 2017).  He therefore reduced the

Grand Staircase-Escalante National Monument by approximately 861,974 acres of land that he

found were "no longer necessary for the proper care and management of the objects to be

protected within the monument." *Id.*  In so doing, the once contiguous monument became three

individual parcels. *See id.*

Shortly thereafter, TWS and Partners Plaintiffs sued, alleging that: (1) the presidential

proclamation was not authorized by the Antiquities Act, and (2) it violates the United States

Constitution.  (*See* TWS Pls.' Compl.  ¶¶ 143–64; Partners Pls.' Compl. ¶¶ 107–39.)  TWS and

Partners Plaintiffs also brought claims pursuant to the Administrative Procedures Act.  TWS

Plaintiffs argue that, because President Trump's proclamation was unlawful, the Secretary of

the Interior and his subordinate officers remain subject to President Clinton's proclamation.

(*See* TWS Pls.' Compl. ¶ 167.)  And, because the Secretary of the Interior and his subordinate

officers are no longer conducting business in accord with President Clinton's proclamation,

TWS Plaintiffs allege that they have failed to protect the Grand Staircase-Escalante National

Monument.  (*See* TWS Pls.' Compl. ¶¶ 165–71.)  Partners Plaintiffs contend that Defendants'

actions are in direct contravention of the Grand Staircase Management Plan, Federal Land Management and Policy Act, and National Environmental Policy Act.  (*See* Partners Pls. Compl.  ¶¶ 140–48).

## II. ANALYSIS

### A.  Motions to Intervene

Federal Rule of Civil Procedure 24 sets forth the requirements for intervention as of right and permissive intervention.

"The right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard." *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972).  Indeed, "[a] district court must grant a timely motion to intervene that seeks to protect an interest that might be impaired by the action and that is not adequately represented by the parties." *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014).  In determining whether a party is entitled to intervene as a matter of right, courts in this Circuit assess the following four factors:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) whether "the applicant's interest is adequately represented by existing parties."

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (quoting Fed. R. Civ. P. 24(a)(2)).  In addition, because an intervenor seeks to participate on "equal footing" with the original parties, she must demonstrate that she has Article III standing.  *Id.* at 732.

Permissive intervention, on the other hand, is an "inherently discretionary enterprise." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Pursuant to Rule 24(b), the district court, in exercising its discretion, "may" permit intervention where a putative intervenor "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  In determining whether permissive intervention is appropriate, courts in this Circuit assess whether the putative intervenor has presented: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *E.E.O.C.*, 146 F.3d at 1046.  "It remains . . . an open question in this Circuit whether Article III standing is required for permissive intervention.' *See In re Endangered Species Act Section 4 Deadline Litig.-MDL No. 2165*, 704 F.3d 972, 980 (D.C. Cir. 2013).

Farm Bureau Applicants, County Applicants, and the State of Utah petition this court to intervene in all three actions as a matter of right, or, in the alternative, to intervene permissively.  (*See* ECF Nos. 38-4, 41-4, & 52.)

No existing party challenges their right to intervene.  TWS and Partners Plaintiffs take "no position" on the three motions to intervene.  (*See* ECF Nos. 53 & 54.)  Defendants have not responded to the Farm Bureau Applicants' motion to intervene, and state that they "do not oppose" County Applicants and the State of Utah's motions to intervene.  (*See* ECF Nos. 51 & 52.)

Given the lack of opposition, the court finds that Farm Bureau Applicants, County Applicants, and the State of Utah have a right to intervene in the instant action for the following reasons:

      i.  Farm Bureau Applicants' motion, which was filed before Defendants' answers were due, was timely.  Farm Bureau Applicants' interest in

federal grazing allotments relates to the property at issue. If Plaintiffs are successful on the merits, Farm Bureau Applicants' ability to exploit the property at issue for cattle grazing may be impaired. And, while Defendants and Farm Bureau Applicants claim that President Trump's proclamation is a valid exercise of presidential power, Defendants cannot adequately represent Farm Bureau Applicants' unique interests. Farm Bureau Applicants have also sufficiently set forth a basis for associational standing.

    ii. County Applicants' motion, which was filed before Defendants' answers were due, was timely. The Grand Staircase-Escalante National Monument is located within County Applicants' jurisdiction, and County Applicants' interest in the potential loss of county revenue and protecting property values within its jurisdiction, among other things, directly relates to the property at issue. If Plaintiffs are successful on the merits, County Applicants' ability to economically exploit the property at issue without additional regulatory requirements may be impaired. And, while Defendants and County Applicants claim that President Trump's proclamation is a valid exercise of presidential power, Defendants cannot adequately represent County Applicants' unique interests. County Applicants have also sufficiently set forth a basis for standing.

    iii. The State of Utah's motion, which was filed before Defendants' answers were due, was timely. The Grand Staircase-Escalante National Monument is located entirely within Utah, and the State's interest in generating revenue and maintaining rights-of-way on roads crossing federal public lands, among other things, directly relates to the property at issue. If Plaintiffs are successful on the merits, the State of Utah's ability to provide road access to the public and exploit the property at issue for revenue-generating purposes through multiple avenues may be impaired. And, while Defendants and the State of Utah claim that President Trump's proclamation is a valid exercise of presidential power, Defendants cannot adequately represent the State of Utah's unique interests. Although the State of Utah did not set forth a basis for standing in its moving papers, the court finds that it has standing because (a) it benefitted from President Trump's Proclamation and the instant action would remove the benefit, (b) its injury is directly traceable to the instant challenge, and (c) it could prevent the injury by defeating the instant challenge.

## B. Conditions for Intervenor's Participation

"[E]ven where the Court concludes that intervention as a matter of right is appropriate,

its inquiry is not necessarily at an end: district courts may impose appropriate conditions or

restrictions upon the intervenor's participation in the action." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) (citing *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 738 (D.C. Cir. 2003)).

Having reviewed the parties' arguments for and against the imposition of conditions, to better aid in the administration of its docket, the court hereby orders all intervenors to comply with the following conditions:

1. Intervenors shall confer with Defendants and other intervenors before filing any new substantive motions or briefs and endeavor to eliminate unnecessary repetition by incorporating one another's filings by reference when possible. The court will treat incorporation by reference as though the argument is fully set forth in the referring brief;

2. Intervenors are barred from raising additional non-compulsory claims or additional affirmative defenses beyond those raised in the answers attached to their respective motions to intervene; and

3. Intervenors are prohibited from seeking discovery in this case without leave of court.

## III. CONCLUSION

For the foregoing reasons, Farm Bureau Applicants, County Applicants, and the State of Utah's motions to intervene are **GRANTED** with conditions. The parties are directed to file a proposed joint briefing schedule for their briefs in support of the pending motion to dismiss on or before January 25, 2019. In so doing, because briefing has concluded, the intervenors are encouraged to consider whether their arguments would be more effectively presented in a single, longer brief.

Date:  January 11, 2019

*Tanya S. Chutkan*
_____
TANYA S. CHUTKAN
United States District Judge