IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WILDERNESS SOCIETY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-02587 (TSC) |
| GRAND STAIRCASE ESCALANTE PARTNERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-02591 (TSC)<br><br>**CONSOLIDATED CASES** |
| AMERICAN FARM BUREAU FEDERATION, *et al.*,<br><br>Defendants-Intervenors. | |

**PLAINTIFFS' MOTION FOR A STATUS CONFERENCE**

Plaintiffs in the above-captioned cases respectfully request that the Court schedule a status conference at the Court's earliest convenience. At a status conference, the Court may wish to address the pending motions to reopen; the scope of Federal Defendants' obligation to provide notice of new ground-disturbing activity; the proposed motions for leave to file amended and supplemental complaints; and a schedule for briefing dispositive motions.

Pursuant to Local Civil Rule 7(m), Plaintiffs requested the position of the other parties. Federal Defendants believe a status conference is premature because the Court has not yet decided the motions to reopen, and if the Court grants the motions to reopen, the parties can litigate the motions to supplement their complaints in the ordinary course, consistent with the Federal Rules of Civil Procedure and the Local Civil Rules. Defendant-Intervenors State of Utah, Garfield County and Kane County, and American Farm Bureau Federation and Utah Farm Bureau Federation take the same position as Federal Defendants.

These cases challenge the lawfulness of President Trump's 2017 proclamation removing 900,000 acres of federal lands from Grand Staircase-Escalante National Monument ("the Monument"). Proclamation No. 9682, 82 Fed. Reg. 58,089 (Dec. 4, 2017) ("2017 Proclamation"). Among other things, the 2017 Proclamation allowed ground-disturbing activity on the excised lands that would otherwise be prohibited, including by purporting to authorize the location of new hard rock mining claims and by reducing safeguards for existing mining claims. *Id.* at 58,093-94. Because the land management agency—the U.S. Bureau of Land Management—does not always alert the public before ground-disturbing activities begin, the Court ordered Federal Defendants to give all Plaintiffs notice of certain types of activity on the excised lands. *See* Order Denying Defs.' Mot. Transfer, Dkt. No. 41; Order Regarding Defs.' Notice Obligations, Dkt. No. 57.

The Court has held these cases in a stay and administrative closure since President Biden took office and restored the Monument's boundaries. Order Granting Mot. Stay, Dkt. No. 152; Min. Order (Sept. 30, 2021); Mem. Op. Denying Mot. Reopen Case and Lift Stay 6-7, Dkt. No. 210. On July 13, 2026, however, President Trump took even more drastic action than in 2017 and shrank the Monument by over 1.69 million acres. Proclamation No. 11,044, 91 Fed.

Reg. 45,179, 45,182 (July 13, 2026) ("2026 Proclamation"). Like its 2017 counterpart, the 2026 Proclamation once again allows ground disturbing activity that would otherwise be prohibited, including by authorizing the location of new hard rock mining claims. *See id.* On September 2, 2026, Plaintiffs moved to lift the stay and reopen these cases to allow them to move for leave to amend and supplement their complaints to challenge the 2026 Proclamation. *See* TWS Pls.' Mot. Reopen, Dkt. No. 217; Partner Pls.' Mot. Reopen, Dkt. No. 218. All other parties either took no position or filed no response. *See* Def.-Int. State of Utah's Resp., ECF No. 225; Fed. Defs.' Resp., Dkt. No. 226. Those motions are pending.

Plaintiffs request a status conference to discuss reopening these cases, expanding the notice order to encompass the lands excised by the 2026 Proclamation, and next steps in these cases. Prospectors can locate new hard rock mining claims in the newly reopened areas. *See* 91 Fed. Reg. at 45,173. Indeed, Plaintiffs are aware of prospectors attempting to locate new mining claims before the 60-day waiting period had run,[1] and over 70 mining claims have been located in the nearby newly reopened Bears Ears National Monument.[2] Given the pace at which prospectors are locating new mining claims under the recently issued 2026 Proclamation, as well as the claims staked in response to the 2017 Proclamation, Plaintiffs view expansion of the notice order as necessary to enable them to evaluate impacts and seek court relief if necessary. At this stage, Plaintiffs may be able to forgo seeking preliminary injunctive relief if the parties can agree

---

[1] *See* Chris Clements, New mining claims crop up on land cut from Bears Ears and Grand Staircase-Escalante, *Kuer* (Aug. 18, 2026), https://perma.cc/U24K-4J2B. Both the 2026 and 2017 Proclamations delayed making the excised lands open to new hard rock mining claims by 60 days of the proclamations' respective issuance dates. *See* 91 Fed. Reg. at 45,182; 82 Fed. Reg. at 58,093-94.

[2] Benjamin Hernandez, Mining Claims Triple on Utah Lands Cut From Bears Ears Monument, *Bloomberg Law* (Sept. 29, 2026), https://perma.cc/8586-BB59.

to a briefing schedule that allows for timely resolution of the existing and new claims. To avoid unnecessary motion practice, Plaintiffs also seek to discuss resolution of the proposed motion for leave to file an amended and supplemental complaint and a schedule for briefing dispositive motions at the status conference.

For the foregoing reasons, Plaintiffs ask the Court to hold a status conference to discuss the notice order and next steps in these cases. Plaintiffs in the related cases concerning Bears Ears National Monument are filing a similar request concurrently with this motion. Plaintiffs respectfully propose that a single status conference, covering both Bears Ears and Grand Staircase-Escalante, would be appropriate given the similarity of the plaintiffs' concerns with potential extractive activity in both monuments.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Thomas Delehanty*
Thomas Delehanty (*pro hac vice*)
Heidi McIntosh (*pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
Tel.: (303) 623-9466
Fax: (303) 623-8083
E-mail: tdelehanty@earthjustice.org
E-mail: hmcintosh@earthjustice.org
*Attorneys for The Wilderness Society, Grand Canyon Trust, National Parks Conservation Association, Great Old Broads for Wilderness, Western Watersheds Project, WildEarth Guardians, Sierra Club, and Center for Biological Diversity*

*/s/ Stephen Bloch*
Stephen H.M. Bloch (D.D.C Bar ID UT0004)
Hanna Larsen (D.D.C. Bar ID UT0003)
Southern Utah Wilderness Alliance
425 East 100 South

*/s/ Jacqueline Iwata*
Jacqueline Iwata (DC Bar No. 1047984)
Natural Resources Defense Council
1152 15th Street NW Suite 300
Washington, DC 20005
Tel.: (202) 289-6868
Fax: (415) 795-4799
E-mail: jiwata@nrdc.org
*Attorney for Natural Resources Defense Council*

*/s/ Scott C. Weidenfeller*
Scott C. Weidenfeller (DC Bar No. 489630)
Gary S. Guzy (DC Bar No. 375977)
John Mizerak (DC Bar No. 155488)
Covington & Burling LLP
One City Center
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5978
E-mail: sweidenfeller@cov.com
E-mail: gguzy@cov.com

Salt Lake City, UT 84111
Tel.: (801) 486-3161
Fax: (801) 486-4233
E-mail: steve@suwa.org
E-mail: hanna@suwa.org
*Attorneys for Southern Utah Wilderness Alliance*

E-mail: jmizerak@cov.com
*Attorneys for Grand Staircase Escalante Partners, Society of Vertebrate Paleontology, and Conservation Lands Foundation*