**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE WILDERNESS SOCIETY**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>Defendants. | Civil Action No. 1:17-cv-2587 (TSC) |
| **GRAND STAIRCASE ESCALANTE PARTNERS**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>Defendants. | Civil Action No. 1:17-cv-2591 (TSC)<br><br>**CONSOLIDATED CASES** |
| **AMERICAN FARM BUREAU FEDERATION**, *et al.*,<br><br>Defendant- Intervenors. | |

**ORDER**

Plaintiffs' The Wilderness Society, et al., and Grand Staircase Escalante Partners, et al. Motions to Reopen the Case and Lift the Stay are GRANTED. ECF Nos. 217, 218. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S.

248, 254 (1936)). And "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citations omitted). The court initially stayed this case in light of the possibility that President Biden's 2021 Executive Order would restore the original boundaries of the Grand Staircase-Escalante National Monument, which had been curtailed by President Trump's 2017 Proclamation. *See* Order, ECF No. 152. Subsequently, the court administratively closed the case. *See* Min. Order (Sept. 30, 2021); *St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urb. Dev.*, 610 F.3d 75, 81 (D.C. Cir. 2010) ("The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket . . . ." (quoting *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004))). The court later denied several Defendant-Intervenors' Motion to Reopen and Lift the Stay, ECF No. 202, because an appeal pending in the Tenth Circuit at the time would affect the scope of the issues presented, *see* Mem. Op. at 4, ECF No. 210.

Those circumstances have since changed: the Tenth Circuit issued a decision on June 23, 2026, *see Garfield County v. Trump*, 179 F.4th 814 (10th Cir. 2026), and President Trump published another Proclamation in its wake reducing the size of the Monument, *see* Proclamation No. 11043, 91 Fed. Reg. 45169 (July 13, 2026). Reopening the case and lifting the stay now would not cause any hardship to other parties. *See Hulley Enters. v. Russian Federation*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016). Indeed, the Federal Defendants and Defendant-Intervenor State of Utah have not opposed lifting the stay. ECF Nos. 225, 226. Lifting the stay would also promote judicial economy by permitting the Plaintiffs to litigate their challenges to the 2026 Proclamation—which will be factually and legally similar to their challenges to the 2017

Proclamation—in one case. *See* Mot. to Reopen and Lift Stay at 9–10, ECF No. 217; *Hulley*, 221 F. Supp. at 276.

Accordingly, the Clerk of the Court shall reopen the case and lift the stay. The Clerk shall also docket the Wilderness Society Plaintiffs' Motion for Leave to File Second Amended and Supplemental Complaint, ECF No. 217-1, as a new and separate docket entry, including as an exhibit the Proposed Second Amended and Supplemental Complaint, ECF No. 217-2. Likewise, the Clerk shall docket the Partners Plaintiffs' Motion for Leave to File Second Amended and Supplemental Complaint, ECF No. 218-1, as a new and separate docket entry, including as an exhibit the Proposed Second Amended and Supplemental Complaint, ECF No. 218-2. Because of the speed at which prospectors are locating new mining claims in the reopened areas, *see* Mot. for Status Conf. at 3–4, ECF No. 227, Federal Defendants and Defendant-Intervenors shall file their oppositions, if any, to the Motions for Leave by 10/20/2026. The Plaintiffs shall file their replies, if any, by 10/23/2026.

In addition, Federal Defendants must provide Plaintiffs 48-hours' notice prior to any ground-disturbing activities on the lands excised by the 2026 Proclamation. The parties shall meet and confer and submit a joint proposed order by 10/27/2026 detailing the specifics of the notice Federal Defendants shall provide.

Plaintiffs' Motion for a Status Conference is GRANTED. ECF No. 227. The parties shall appear for a status conference before Judge Tanya S. Chutkan in Courtroom 9 at 11:30 am on October 15, 2026.

It is **SO ORDERED.**

Date: October 13, 2026

Tanya S. Chutkan
TANYA S. CHUTKAN
United States District Judge