**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE WILDERNESS SOCIETY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-02587 (TSC) |
| GRAND STAIRCASE ESCALANTE PARTNERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-02591 (TSC)<br><br>**CONSOLIDATED CASES** |

**[PROPOSED] ORDER REGARDING DEFENDANTS' NOTICE OBLIGATIONS**

Having considered the Plaintiffs' and Federal Defendants' jointly proposed order regarding Federal Defendants' notice obligations, it is hereby ORDERED as follows:

1. The Department of the Interior and its agencies, including the Bureau of Land Management ("BLM" and collectively, "DOI"), will, subject to appropriate exemptions under the Freedom of Information Act ("FOIA") or other applicable law, provide the following information to Plaintiffs with respect to federal lands described as excluded from the Grand Staircase-Escalante National Monument by Presidential Proclamation Nos. 9682 and/or 11044:

a. Within 5 business days of the BLM's receipt thereof, a copy of a notice for "notice level operations," as defined under 43 C.F.R. § 3809.21 to conduct exploration for locatable minerals under 43 C.F.R. Subpart 3809 on lands managed by the BLM.

b. Within 5 business days of it being sent or received by the BLM, a copy of any subsequent written communications under 43 C.F.R. Subpart 3809 related to any notices described in paragraph 1.a above (or the proposed exploration addressed in the notice) between the BLM and the operator/proponent.

c. (i) Within 5 business days of the BLM's receipt thereof, a copy of a proposed plan of operations, as described in 43 C.F.R. § 3802.1-4, or 43 C.F.R. Subpart 3809, or any notices or modifications thereto proposed by the BLM or the operator, as those terms are expressly used in 43 C.F.R. § 3802.1-6 or 43 C.F.R. Subpart 3809.

(ii) At least 5 business days prior to the effective date of the BLM's decision on an application or proposal described in paragraph 1.c.i above, notice thereof and, within 2 business days after such decision is made, a copy of the decision, if any.

d. Within 5 business days of it being received by the BLM, notice of proposals or applications to engage in road or trail construction or improvement, to expand or establish new developed recreation sites or areas (including, but not limited to, campgrounds and amenities like restrooms, trailheads, parking lots, interpretive sites), to authorize a use of a road, airstrip, or trail that was not permitted as of July 12, 2026, or to authorize grazing or vegetation management in an area where, or manner in which it was not permitted as of December 4, 2017, and a copy of such proposals or applications. For purposes of this paragraph: an "improvement" goes beyond preserving the status quo of the road or trail and includes the widening of the road or trail, the horizontal or vertical

alignment of the road or trail, the installation of (as distinguished from cleaning, repair, or replacement in kind of already existing) bridges, culverts, and other drainage structures, as well as any significant change in the surface composition of the road or trail.

e. At least 5 business days prior to the effective date of (i) the BLM's decision[1] on an application or proposal described in paragraph 1.d above, (ii) its determination to authorize or undertake such activities itself, (iii) its decision to authorize a use of a road, airstrip or trail by a third party that was not permitted as of July 12, 2026, or (iv) its decision to authorize grazing or vegetation management in an area where it was not permitted as of December 4, 2017, notice thereof and, within 2 business days after such decision is made, a copy of the decision, if any. However, to the extent the BLM, without first receiving a proposal or application from a third party for which notice is provided to Plaintiffs under paragraph 1(d) issues a decision to engage in road or trail construction or improvement, to authorize a use of a road, airstrip or trail that was not permitted as of July 12, 2026, or to authorize grazing or vegetation management in an area or manner where it was not permitted as of December 4, 2017, DOI will provide notice of such decision at least 5 business days before the effective date of such decision, and within 2 business days after such decision is made, a copy of the decision, if any.

f. Within 5 business days of it being posted to the BLM's ePlanning website, notice that a proposed mining plan, as described in 43 C.F.R. § 3592.1, or any modifications thereto proposed by the BLM, is undergoing review in accordance with

[1] For the purposes of this paragraph (1.e) only, the term "decision" includes a BLM determination that an improvement to an adjudicated or claimed R.S. 2477 right-of-way is reasonable and necessary. Federal Defendants disagree that such determinations constitute "decisions" in other contexts, and the inclusion of such determinations in this paragraph does not indicate that they are "decisions" in other contexts or other cases.

NEPA and/or other federal laws and regulations.

g. Within 5 business days of the BLM's receipt thereof, a notice of intent as described in 43 C.F.R. § 3151.10 or application for an exploration license, prospecting permit, or permit to drill under the Mineral Leasing Act, unless publicly noticed in the Federal Register, and a copy of such application.

h. At least 5 business days prior to the effective date of the BLM's decision on an application for an exploration license, prospecting permit, or permit to drill under the Mineral Leasing Act, notice thereof and, within 2 business days after such decision is made, a copy of the decision, if any.

i. At least 5 business days prior to the date of any DOI sale, lease, exchange, conveyance, or other disposal of any of the lands described in paragraph 1 above (excluding any proposal or decision for which notice is otherwise provided under paragraphs 1.a through 1.h above), notice thereof, unless notice of the proposed sale, lease, exchange, conveyance, or other disposal has previously been provided to the public in a notice published in the Federal Register.

j. Notwithstanding the time frames set forth above, if the BLM undertakes or authorizes any activity, decision, or authorization described in subparagraphs 1.a – 1.g before the specified deadline to provide notice or copy to Plaintiffs lapses, the BLM shall provide such notice or copy to Plaintiffs as soon as practicable, and in no event later than 1 business day after the BLM undertakes or authorizes the activity, decision, or authorization.

2. For purposes of this Order, the date the BLM receives any of the notices, plans, proposals, applications, or communications mentioned above is defined as:

a. if via email, the date the email is received at an email address associated with a BLM employee whose responsibilities include (i) receiving and/or routing official correspondence for the BLM office for which the applicable notice, plan, proposal, application, or communication is properly directed; or (ii) processing or responding to the applicable notice, plan, proposal, application, or communication for the relevant lands. If emails are received by different employees whose responsibilities include either of the categories described above in 2(a)(i) and 2(a)(ii), the date the earliest email was received constitutes the date the BLM received notice.

b. if via U.S. Mail, overnight delivery, or hand delivery, on the date that the applicable notice, plan, proposal, application, or communication is date-stamped as being received by the BLM office to which such notice, plan, proposal, application, or communication is appropriately directed.

3. If DOI redacts or withholds a document based on an exemption under FOIA or a provision of other applicable law, DOI will provide Plaintiffs, within the applicable notice timeline provided above, (a) notice that it is doing so; (b) the legal basis for its redaction or withholding; and (c) a description of the nature of the document or information that, without revealing information itself privileged or protected, will enable other parties to assess DOI's basis for the redaction or withholding.

4. Nothing in this Order, or the fact that it was jointly proposed by the Parties at the Court's direction, reflects or constitutes an admission by the DOI that any activities triggering the notification requirements set forth in paragraph 1 will or are planned to occur.

5. Nothing in this Order obligates DOI to postpone, suspend, cancel, or take other action on any decision related to the activities set forth in paragraph 1 for which Plaintiffs have

been notified.

6. If the Court dismisses Plaintiffs' claims or this case otherwise terminates in its entirety, the obligations set forth in this Order shall terminate on the date of the dismissal or order terminating this case in its entirety. Nothing herein prevents Defendants from moving the Court to terminate this Order before dismissal of Plaintiffs' claims.

7. In the event that a lapse in appropriations, natural disaster, or other emergency prevents the DOI from providing any notice or other information to Plaintiffs in accordance with the deadlines set forth herein, such failure shall not constitute a violation of this Order and the DOI will comply with the applicable deadlines as soon as practicable.

8. This Order supersedes and replaces the Order issued by this Court on October 30, 2018 (ECF No. 57), such that the 2018 Order is no longer in force or effect.

DATED:

______________________________

TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE